

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**JUN 1 0 1998**

JAMES W. McCORMACK, CLERK
By: _____ **PLAINTIFF**
/DEP.CLERK

**ARKANSAS BIG BUCK CLASSIC, INC.**

**VS.**                    **CASE NO. LR-C-98-337**

**JURY TRIAL DEMANDED**

**HUNTERS EXPO, INC. and**                    **DEFENDANTS**
**JAMES B. NELSON**

## FIRST AMENDED COMPLAINT

Plaintiff, Arkansas Big Buck Classic, Inc., by and through its attorneys, Wood &

Lockhart, PLC, states as follows:

## PRELIMINARY STATEMENT

This is a suit for injunctive relief and money damages for federal unfair competition

arising under the trademark laws of the United States, namely 15 U.S.C. § 1125(a); for common

law unfair competition; for state trademark infringement pursuant to A.C.A. § 4-71-212 (Supp.

1997); and for state trademark dilution under A.C.A. § 4-71-213 (Supp. 1997).

## PARTIES

1.    Plaintiff, Arkansas Big Buck Classic, Inc., is an Arkansas corporation with a

principal place of business located in Coy, Arkansas.

2.    Defendant, Hunters Expo, Inc., is an Arkansas corporation with a principal place

of business located in Little Rock, Arkansas.

3.    Defendant, James B. Nelson, is an officer and Executive Director of Hunters

Expo, Inc. and a resident of Little Rock, Arkansas.

**1 2**

## JURISDICTION AND VENUE

4.    This Court has original federal jurisdiction of this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.  In addition, as it relates to the state law issues herein, this Court has supplemental jurisdiction of the subject matter pursuant to 28 U.S.C. § 1367(a) in that the federal and state law claims at issue arise from a common nucleus of operative facts.

5.    Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTS

6.    Plaintiff is the owner of the trademark and/or tradename, "BIG BUCK CLASSIC" (hereafter the "Mark".)  Since August 1990, Plaintiff has continuously used the Mark in connection with a yearly contest for the largest white-tail buck deer in Arkansas, known as the "ARKANSAS BIG BUCK CLASSIC,"  and a consumer trade show organized and conducted by Plaintiff which is held in Little Rock, Arkansas.

7.    Plaintiff is the owner of an Arkansas trademark registration for the Mark, No. TM00000806, which was issued by the Secretary of State for the State of Arkansas on February 9, 1998.  (See a copy of the Certificate of Registration attached hereto as Exhibit "A".)  Furthermore, Plaintiff presently has pending a federal trademark application for registration of the Mark which it filed with the United States Patent and Trademark Office on April 15, 1998.

8.    Since the inception of this event in 1990, Plaintiff has continuously used the Mark in Arkansas and surrounding states in identifying and distinguishing its services to potential exhibitors, entertainment attractions and consumers in advertising for the services; stationary; business cards; newsletters; give-away items; tickets and posters; and in other ways customary in the trade.

2

9.    Over the years, Plaintiff has spent a considerable amount of money and effort in establishing the Mark in the minds of potential exhibitors, attractions, and consumers as the premier sportsmen's event of its kind in this region.  Accordingly, Plaintiff has developed an excellent reputation and substantial goodwill in the minds of the consuming public regarding the quality of the services identified by its Mark.  Furthermore, Plaintiff's substantial and continuous use and promotion of its Mark over many years has established secondary meaning in the minds of the consuming public and the Mark has, therefore, acquired great value as a distinctive designation of the source of origin of the high quality of services offered by Plaintiff.

10.    Based upon information and belief, sometime in 1997, Defendants wrongfully began using the name "BIG BUCK CLASSIC" in connection with their competing sportsmen's events in Arkansas and Louisiana.  (See a copy of Defendants' promotional material using the name "BIG BUCK CLASSIC" which is attached hereto as Exhibit "B".)  Plaintiff believes that Defendants have purposely offered services at these events to be virtually identical to those supplied by Plaintiff.  Furthermore, the services offered by the respective parties are sold in the same trade channels to the same class of consumers.

11.    Based upon information and belief, Defendants, without permission or authority from Plaintiff, have infringed Plaintiff's Mark by their use of the name "BIG BUCK CLASSIC" in connection with their competing sportsmen's events held in Arkansas and Louisiana, and are unfairly competing with Plaintiff by their use of their confusingly similar mark, thereby falsely designating the origin of their services.  These acts of infringement and unfair competition have occurred in this District and in other states surrounding Arkansas into which Plaintiff can reasonably be expected to expand.

12.    Further, based upon information and belief, Defendants had actual knowledge of

3

Plaintiff's prior use and rights in its Mark, but nevertheless adopted, used and are now using their mark with the intent to cause confusion and mistake; to deceive consumers; and to trade upon the reputation, goodwill and substantial consumer recognition associated with Plaintiff's Mark. Thus, Defendants have created a strong likelihood of consumer confusion as to the source or relationship of Plaintiff's and Defendants' services, and have otherwise unfairly competed with Plaintiff.

13. As a result of the Defendants' activities, the consuming public is confused, mistaken or deceived into believing that the competing services offered by Defendants have a common source of origin with or are otherwise related to the services supplied by Plaintiff. As a result, consumers are likely to purchase the services of Defendants believing that they are purchasing Plaintiff's services, thereby resulting in a loss of revenue by Plaintiff.

14. Furthermore, Plaintiff has no control over the quality of services offered by Defendants, and because of confusion as to the source of the services created by Defendants, Plaintiff's reputation and valuable goodwill is at the mercy of these infringers and/or unauthorized users.

15. The acts of Defendants in misleading the public have been willful and deliberate, designed specifically to trade upon the enormous goodwill Plaintiff has built up in its Mark in the marketplace and to cause confusion or mistake or to deceive consumers.

16. The reputation and goodwill of Plaintiff's business under its Mark are of enormous value, and Plaintiff will suffer irreparable harm should Defendants be allowed to continue the unfair acts and/or infringement to Plaintiff's reputation and goodwill.

17. The use by Defendants of their confusingly similar name in such a way as to imply some affiliation or connection with Plaintiff has been willful and intentional and has

4

resulted in the dilution of Plaintiff's rights in its Mark enjoyed in connection with Plaintiff's provision of high quality services, all to the great detriment of Plaintiff.

18.    On March 4, 1998, Plaintiff, by its counsel, notified Defendants of its rights in the infringed Mark; of the Arkansas trademark registration of the Mark; and of the pending federal trademark registration of the Mark.    Plaintiff further demanded that Defendants immediately cease and desist from their acts of trademark infringement and unfair competition. This letter was received by Defendants on March 5, 1998.    (See a copy of the certified letter from Plaintiff's counsel to the Defendants and the return receipt which are collectively attached hereto as Exhibit "C".)    Notwithstanding their receipt of Plaintiff's demand, however, based upon information and belief, Defendants have continued to use their infringing mark with the consuming public.

**COUNT I**

**FEDERAL FALSE DESIGNATION OF ORIGIN**

19.    Plaintiff restates and realleges paragraphs 1 through 18 as if fully set forth herein.

20.    This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

21.    Based upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and prior use of Plaintiff's Mark and, without the consent of Plaintiff, have violated 15 U.S.C. § 1125(a) by using in commerce a false designation of origin in connection with their competing sportsmen's events in such a way as to falsely represent a common source of origin or affiliation with Plaintiff's services.    Plaintiff believes that it has been and is likely to be further injured, and that consumers have been and are likely to be deceived, by Defendants' use of such false representation.

5

22.    Defendants' aforesaid knowingly false representation regarding their services has injured and violated the rights of Plaintiff in an amount to be proven at trial. Further, by these actions, Defendants have irreparably injured Plaintiff, and such irreparable injury will continue unless enjoined by this Court.

## COUNT II

### COMMON LAW UNFAIR COMPETITION

23.    Plaintiff restates and realleges paragraphs 1 through 22 as if fully set forth herein.

24.    This is a claim for common law unfair competition and is separate and apart from the other causes of action, but is between the same parties and is based on the same operative facts.

25.    In addition to the Arkansas trademark registration owned by Plaintiff, Plaintiff owns and has common law rights in its Mark as a result of its continuous use of the Mark in identifying and distinguishing its services for many years.

26.    The knowing use by Defendants of their confusingly similar mark in connection with their competing sportsmen's events in such a manner as to mislead the public that their services are related or affiliated with the services of the Plaintiff when such is not the case, is likely to cause, and has caused, confusion in the minds of the public as to the source of Defendants' services. Accordingly, consumers are likely to associate, and have associated, Defendants' services with or originating from Plaintiff, all to the detriment of Plaintiff.

27.    Defendants' aforesaid knowingly false representation regarding its services have injured Plaintiff and violated the common law rights of Plaintiff in an amount to be proven at trial. Further, by these actions, Defendants have irreparably injured Plaintiff, and such irreparable injury will continue unless enjoined by this Court.

6

## COUNT III

### STATE TRADEMARK INFRINGEMENT

28.     Plaintiff restates and realleges paragraphs 1 through 27 as if fully set forth herein.

29.     Plaintiff is the owner of Arkansas trademark registration, No. TM00000806, which was issued by the Secretary of State for the State of Arkansas on February 9, 1998. A copy of the Certificate of Registration is attached hereto as Exhibit "A."

30.     The aforementioned acts of Defendants constitute an infringement of Plaintiff's Arkansas trademark registration in violation of Ark. Code Ann. § 4-71-212. The infringement by Defendants has been knowing, willful and deliberate, designed specifically to trade upon the reputation and goodwill associated with Plaintiff's Mark and with the intent to cause confusion or mistake or to deceive consumers.

31.     Plaintiff has suffered and will continue to suffer irreparable harm to its reputation and goodwill in the marketplace unless Defendants' infringement is enjoined by this Court.

## COUNT IV

### TRADEMARK/TRADE NAME DILUTION

32.     Plaintiff restates and realleges paragraphs 1 through 31 as if fully set forth herein.

33.     The aforementioned acts of Defendants are likely to cause injury, and have injured, the business reputation of Plaintiff. Further, the acts of Defendants have diluted the distinctive quality of Plaintiff's Mark. Defendants' actions were knowing, willful, and deliberate and were undertaken with the intent to trade on Plaintiff's reputation and to cause dilution of Plaintiff's Mark. As such, Defendants' acts constitute a violation of Ark. Code Ann. § 4-71-213.

7

34.    Further, the Defendants' acts have caused confusion as to the source of origin of the services supplied by Defendants.

35.    These acts which irreparably injure or dilute Plaintiff's business reputation and the distinctive quality of Plaintiff's Mark will continue unless enjoined by this Court.

## JURY TRIAL DEMAND

36.    Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    That Defendants be adjudged to have violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin, false description or representation;

2.    That Defendants be adjudged to have violated Plaintiff's common law rights by their unfair competitive use of their confusingly similar mark;

3.    That Defendants be adjudged to have infringed Plaintiff's Arkansas trademark registration;

4.    That Defendants be adjudged to have caused injury to Plaintiff's business reputation and to have diluted the distinctive quality of Plaintiff's Mark;

5.    That Defendants, their officers, agents, employees, servants, affiliates, attorneys and representatives, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from directly or indirectly:

    a.    using to market, advertise, or identify Defendants' services, Plaintiff's Mark, or any other mark or configuration which is confusingly similar thereto or is likely to create the erroneous impression that Defendants' services originate from Plaintiff, are endorsed by Plaintiff, or are otherwise connected or affiliated in any way with Plaintiff.

    b.    otherwise infringing Plaintiff's trademark rights;

8

c.      falsely designating the origin of Defendants' services;

d.      unfairly competing with Plaintiff in any manner whatsoever;

e.      causing injury to Plaintiff's business reputation or dilution of the quality of Plaintiff's Mark.

6.      That Defendants be required to pay Plaintiff compensatory damages which Plaintiff has sustained as a consequence of Defendants' acts complained of herein;

7.      That Defendants be required to account for and pay over to Plaintiff any and all profits derived by Defendants from the activities complained of herein;

8.      That such damages and profits be trebled and awarded to Plaintiff because of Defendants' knowing and willful disregard of Plaintiff's rights and intentional infringement and dilution of Plaintiff's Mark pursuant to 15 U.S.C. § 1117 and Ark. Code Ann. § 4-71-214;

9.      That Defendants be required to deliver up for destruction all devices, literature, advertising, promotional materials and other written materials bearing the infringing and unlawful trademarks;

10.     That Plaintiff be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117 and Ark. Code Ann. § 4-71-214; and

11.     That Plaintiff have such other and further relief as the Court may deem just.

                                        Respectfully submitted,

                                        WOOD & LOCKHART, PLC
                                        809 West Second Street
                                        Little Rock, Arkansas 72201
                                        (501) 375-0200


                                  By:   _W. Kirby Lockhart_
                                        W. Kirby Lockhart, #83114
                                        ATTORNEYS FOR PLAINTIFF

9

## CERTIFICATE OF SERVICE

I, W. Kirby Lockhart, do hereby certify that on this 4th day of June, 1998, a true and correct copy of the above and foregoing FIRST AMENDED COMPLAINT was hand delivered to the following, to wit:

Philip K. Lyon
JACK, LYON & JONES, P.A.
3400 TCBY Tower
425 West Capitol Avenue
Little Rock, Arkansas 72201

W. Kirby Lockhart

10





*Sharon Priest*
SECRETARY OF STATE

## CERTIFICATE OF TRADEMARK REGISTRATION

*To All to Whom These Presents Shall Come, Greetings:*

*I, Sharon Priest, Secretary of State of Arkansas, in accordance with the provisions of Act 81 of the General Assembly of 1967 of the State of Arkansas, do hereby certify that ARKANSAS BIG BUCK CLASSIC, INC. whose business address is P.O. BOX 92, COY, ARKANSAS 72037 has filed in this office the necessary papers and certificates to entitle it to the legal registration, claiming ownership of the following attached Mark, stating that the date claimed for the first use of the Mark anywhere is January 01, 1990 and the date claimed for the first use of the Mark in Arkansas is January 01, 1990.*

*This Trademark:*

**BIG BUCK CLASSIC - TITLE SURROUNDING A BUCK HEAD**

*is granted for and may be used only upon the following classification of goods or services : 107 - EDUCATION AND ENTERTAINMENT , and a brief description of the goods or services on which the Mark is used is: YEARLY CONTEST FOR THE LARGEST WHITE-TAIL BUCK DEER IN ARKANSAS, CONSUMER TRADE SHOW FOR SPORTSMEN, ADVERTISING, STATIONERY, BUSINESS CARDS, NEWSLETTERS, GIVE-AWAY ITEMS, TICKETS AND POSTERS.*

*This mark has been duly recorded and registered as No. TM00000806 said registration being in effect for a term of five years from the date hereof to February 09, 2003.*

# APPLICATION FOR THE REGISTRATION OF A TRADEMARK OR SERVICE MARK
### RETURN IN DUPLICATE TO

*Sharon Priest*
Secretary of State

Corporations Division
State Capitol Building
Little Rock, Arkansas 72201-1094

**\*\*IMPORTANT\*\*** Application should be submitted in duplicate and accompanied by original specimens of the mark in triplicate. The filing fee is $50.00, please make checks payable to "The Secretary of State".

Application is for: [XX] New Application ☐ Renewal ☐ Trademark ☐ Service Mark

| | For Office Use Only |
|---|---|
| File Number: _TM-806_ | Expiration Date: _2-9-2003_ |
| | (Five years from date filed) |

(1) The following Applicant, _Arkansas Big Buck Classic, Inc._, is an ( ) individual, (X) corporation, ( ) partnership, ( ) or other (please indicate one) and has hereunto adopted and used a certain mark and hereby makes application to register said mark in Arkansas.

(a) If partnership, give names addresses of partners: _____ Not Applicable _____

Partnership is organized in the state of: _____ Not Applicable _____

If corporation, indicate date and state of incorporation: _August 14, 1990; State of Arkansas_

If other, give explanation: _____ Not Applicable _____

(2) Mark being applied for is: _BIG BUCK CLASSIC   Surrounding a buck head_

(Complete with all words to be included, the style print of these words and all logos to be included. Anything **NOT** included in item 2 will not be considered as part of the mark.) SPECIMENS SHOULD BE IDENTIFIABLE BY WRITTEN DESCRIPTION.

(3) Business address of the applicant: _P.O. Box 92, Coy, Arkansas 72037_

(4) Address where certificate of registration is to be sent: _P.O. Box 92, Coy, Arkansas 72037_

(5) Applicant is applying for mark under the following class number and title: _107 Education and Entertainment_

(Refer to attached classification of goods and services)

(6) Describe the goods or services that this mark represents: _Yearly contests among sportsmen to award prizes to sportsmen who kill the largest white-tail buck deer in the State of Arkansas, by an entrant in the contest known as "Arkansas Big Buck Classic," and consumer trade show for sportsmen._

(7) Indicate how mark will be used to represent goods or services: _Advertising (billboards, direct mail, radio, T.V. newspaper ads, etc.); Stationary and business cards; newsletters; give-away items (vehicle, T-shirts, jackets, caps, etc.) and tickets; posters._

(8) Date mark applied for was first used (anywhere) _1990  1-1-90_ and the date when it was first used in (Arkansas) _1990  1-1-90_ (both dates must be indicated).

(9) Applicant is the owner of this mark currently registered in the United States Patent and Trademark Office. If true, give registration number: _____ if not, indicate. _NO XX_

(10) Applicant appoints the Secretary of State as agent for service of process in any action relating only to the registration which may be issued if the applicant is or shall become a non resident individual, person, association, or foreign corporation not licensed to do business in this state or cannot be found in this state.

(11) Applicant is stating that said applicant is the owner of the mark and that no other person has registered, either federally or in this state, or has the right to use the mark in this state either in the identical form thereof or in such a near resemblance thereto as might be calculated to deceive or to be mistaken therefor.

(12) This application shall be signed and verified by the applicant or by a member of the firm, or an officer of the corporation or association applying. I _Thomas O. Murchison, III_ depose and say that I am applying for said mark on behalf of _Arkansas Big Buck Classic, Inc._ in the _President_ of said applicant or myself as an individual. As such I make this affidavit and verification that I have read the above and forgoing application and know the contents hereof, and the facts set out herein are true. I further affirm that the three specimens of facsimiles filed herewith are true and correct.
**I understand that I am subject to the perjury laws of the State of Arkansas.**

_____
Signature of applicant or applicant's representative and title



**P. O. BOX 92 · COY, ARKANSAS 72037 · 501/ 842-1914**

10/01/1997  00:05   5018421914              FMCO PROMOTIONS INC.              PAGE 02

Mar 14 98 05:59p    RIVER ROCK DESIGN INC.    501-707-3000        P.1
MAR-14-98 SAT 10:28 AX  EBC, INC        FAX NO.  501 664 0989      P. 1

# Set Your Sights For

 HUNTERS EXPO 

## SHREVEPORT, LA

### HUNTERS EXPO BIG BUCK CLASSIC
**Shreveport Expo Hall**

Friday, July 10, 1998        Sat., July 11, 1998        Sunday, July 12, 1998
4 PM – 9 PM                   9 AM – 8 PM                   10 AM – 5 PM

## LITTLE ROCK, AR

### HUNTERS EXPO
**Little Rock Expo Center**

Friday, August 28, 1998
4 PM – 9 PM

Saturday, August 29, 1998
9 AM – 8 PM

Sunday, August 30, 1998
10 AM – 5 PM

## TONTITOWN, AR

### HUNTERS EXPO
### BIG BUCK CLASSIC
**Tontitown Expo Center**

Friday, September 11, 1998
4 PM – 9 PM

Saturday, September 12, 1998
9 AM – 8 PM

Sunday, September 13, 1998
10 AM – 5 PM

**FOR MORE INFORMATION CALL: JAMES NELSON AT 501-663-5777**
**OR WRITE TO: P.O. BOX 24866, LITTLE ROCK, AR 72221-4866**

EXHIBIT B

Mar 14 98 05:59p    RIVER ROCK  DESIGN INC.    501-707-3000        P.2
MAR-14-98 SAT 10:28 AM  E9C, INC           FAX NO. 501 664 0989       P  2

# – CONTRACT FOR EXHIBIT SPACE –

**SHOW HOURS**

| | |
|---|---|
| Friday | 4pm-9pm |
| Saturday | 9am-8pm |
| Sunday | 10am-5pm |

**SET-UP HOURS**

| | |
|---|---|
| Thursday | 8am-6pm |
| Friday | 8am-4pm |



## HUNTERS EXPO

### JULY 10-11-12, 1998

**Shreveport Civic Center/Expo Hall • Shreveport, Louisiana**

| For Office Use Only | |
|---|---|
| Date Rec. | _____ |
| Check # | _____ |
| Dated | _____ |
| Amount | _____ |
| Balance Due | _____ |
| Confirmation Mailed | _____ |
| Decorator Notified | _____ |

| QUANTITY | COST | TOTAL |   | QUANTITY | SIZE | COST | TOTAL |
|---|---|---|---|---|---|---|---|

**ALL BOOTHS 10' X 10'**

| | | | | |
|---|---|---|---|---|
| _____ | 1st booth | $300 | = | $_____ |
| _____ | 2nd booth | $200 | x | $_____ |
| _____ | Each Additional Booth | $100 | x | $_____ |
| | | TOTAL | = | $_____ |

**AMT. PAID $ _____     BAL. DUE $ _____**

> **Minimum Deposit 50%**
> **Balance due in full June 15, 1998**

**ALL BOOTHS INCLUDE PIPE AND DRAPING, SIGN, 1 PLAIN TABLE AND 2 CHAIRS PER BOOTH.
BRING YOUR OWN TABLE COVER AND TABLE SKIRT.**

## APPLICATION

We, the undersigned, do hereby submit our application for the reservation of display space as an exhibitor at Hunters Expo to be held in Shreveport, Louisiana, subject to the conditions and regulations governing the show and its production, including but not limited to the terms set forth within this or any accompanying or future documents. Enclosed is our payment in the amount designated above as deposit for the reservation of booth space in our name.

*Please type or print:*

**Return this completed form and your deposit check to:**

# HUNTERS EXPO

**James Nelson, Expo Director**
P.O. Box 24966 • Little Rock, AR 72221-4966
Phone (501) 663-5777 • Fax (501) 664-0989
**MAKE ALL CHECKS PAYABLE TO:  HUNTERS EXPO/SHREVEPORT**

Company _____  Authorized Signature _____  Date _____

Contact _____  Phone ( ___ ) _____  Fax ( ___ ) _____

Address _____  City _____  State ____  Zip _____

If space is canceled by applicant 75 days prior to opening, the payment less a $100.00 cancellation fee, will be refunded.
Should space be canceled less than 75 days prior to opening of exhibit, no refund will be made.

Please reserve the following exhibit space (select four (4) choices somewhat varied in location):

1st _____  2nd _____  3rd _____  4th _____

If possible, place me ☐ near  or  ☐ away  from the following suppliers: _____

Do you want a booth sign?  ☐ Yes  ☐ No   If Yes, booth sign should read as follows: _____

Give a brief description of the equipment, products and services you plan to exhibit: _____

10/01/1997  00:05    5018421914                    FMCO PROMOTIONS INC.                    PAGE  04

Mar 14 98 05:59p        RIVER ROCK  DESIGN INC.      501-767-3000                    P-3
MAR-14-98 SAT 10:29 AM  EBC, INC.          FAX NO.  501 664 (989              P. 3



10/01/1997  00:05    5018421914           FMCO PROMOTIONS INC.              PAGE  05
Mar 14 98 06:00p      IVER ROCK  DESIGN INC.      1-707-3000               p.4
MAR-14-98 SAT 10:30 AM    EBC, INC.          FAX NO.  501 664 0989          P 4

# – CONTRACT FOR EXHIBIT SPACE –

## SHOW HOURS

Friday       4pm-9pm
Saturday     9am-8pm
Sunday       10am-5pm

## SET-UP HOURS

Thursday     8am-8pm
Friday       8am-4pm



### AUGUST 28-29-30, 1998

**Little Rock Expo Center • Little Rock, Arkansas**

| For Office Use Only | |
|---|---|
| Date Rec. | _____ |
| Check # | _____ |
| Dated | _____ |
| Amount | _____ |
| Balance Due | _____ |
| Confirmation Mailed | _____ |
| Decorator Notified | _____ |

| QUANTITY | COST | TOTAL |
|---|---|---|
| **ALL BOOTHS 10' X 10' (SECTIONS A & B)** | | |
| **(SECTION C  8' X 10')** | | |
| _____  1st booth | $300  = | $ _____ |
| _____  2nd booth | $200  = | $ _____ |
| _____  Each Additional Booth | $100  = | $ _____ |
| | TOTAL  = | $ _____ |

| QUANTITY | SIZE | COST | TOTAL |
|---|---|---|---|
| **BULK AREA (SECTIONS D-E-F)** | | | |
| _____ sq. ft. | 1000 sq. ft. minimum | $0.75/s.f. | $ _____ |

**AMT. PAID $ _____            BAL. DUE $ _____**

| Minimum Deposit 50% |
|---|
| Balance due in full August 1, 1998 |

**SECTIONS A, B & C ONLY INCLUDE PIPE & DRAPING, SIGN, 1 PLAIN TABLE AND 2 CHAIRS PER BOOTH.**
**BRING YOUR OWN TABLE COVER AND TABLE SKIRT.**

## APPLICATION

We, the undersigned, do hereby submit our application for the reservation of display space as an exhibitor at Hunters Expo to be held in Little Rock, Arkansas, subject to the conditions and regulations governing the show and its production, including but not limited to the terms set forth within this or any accompanying or future documents.  Enclosed is our payment in the amount designated above as deposit for the reservation of booth space in our name

*Return this completed form and your deposit check to:*

### HUNTERS EXPO
**James Nelson, Expo Director**
P.O. Box 24966 • Little Rock, AR  72221-4966
Phone (501) 663-5777 • Fax (501) 664-0989
**MAKE ALL CHECKS PAYABLE TO:  HUNTERS EXPO/LITTLE ROCK**

*Please type or print:*

Company _____    Authorized Signature _____    Date _____

Contact _____    Phone ( ___ ) _____    Fax ( ___ ) _____

Address _____    City _____    State _____    Zip _____

If space is canceled by applicant 75 days prior to opening, the payment less a $150.00 cancellation fee, will be returned.
Should space be canceled less than 75 days prior to opening of exhibit, no refund will be made.

*Please reserve the following exhibit space (select four (4) choices somewhat varied in location):*

1st _____    2nd _____    3rd _____    4th _____

If possible, place me   ☐ near  or  ☐ away  from the following suppliers: _____

Do you want a booth sign?   ☐ Yes   ☐ No    If Yes, booth sign should read as follows: _____

Give a brief description of the equipment, products and services you plan to exhibit: _____

PAGE 4

10/01/1997  00:05   5010421914              FMCO PROMOTIONS INC.            PAGE  06
Mar 14 98 06:01p    RIVER ROCK  DESIGN INC.     301-707-3000         P.5
MAR-14-98 SAT 10:30 AM   EBC, INC.          FAX NO. 501 664 0989        P 5

HUNTERS EXPO
AUGUST 28-29-30, 1998
LITTLE ROCK, AR

10/01/1997 00:05 5018421914                FMCO PROMOTIONS INC.            PAGE 07
MAR 14 98 06:02p    RIVER ROCK DESIGN INC.    11-707-3000          P.6
MAR-14-98 SAT 10:31 AM    zBC, INC.              FAX NO. 501 664 0989       P. 6

# - CONTRACT FOR EXHIBIT SPACE -



**SHOW HOURS**

| | |
|---|---|
| Friday | 4pm-9pm |
| Saturday | 9am-8pm |
| Sunday | 10am-5pm |

**SET-UP HOURS**

| | |
|---|---|
| Thursday | 8am-6pm |
| Friday | 8am-4pm |

**For Office Use Only**

| | |
|---|---|
| Date Rec. | _____ |
| Check # | _____ |
| Dated | _____ |
| Amount | _____ |
| Balance Due | _____ |
| Confirmation Mailed | _____ |
| Decorator Notified | _____ |

## SEPTEMBER 11-12-13, 1998
### Tontitown Expo Center • Tontitown, Arkansas

| QUANTITY | COST | TOTAL | | QUANTITY | SIZE | COST | TOTAL |
|---|---|---|---|---|---|---|---|

**ALL BOOTHS 10' X 10' (SECTIONS A & B)**
**(SECTION C  8' X 10')**

| | | | | |
|---|---|---|---|---|
| _____ | 1st booth | $300 | = | $_____ |
| _____ | 2nd booth | $200 | = | $_____ |
| _____ | Each Additional Booth | $100 | = | $_____ |
| | | TOTAL | = | $_____ |

**AMT. PAID $** _____     **BAL. DUE $** _____

> **Minimum Deposit 50%**
> **Balance due in full August 1, 1998**

**SECTIONS A, B & C ONLY INCLUDE PIPE & DRAPING, SIGN, 1 PLAIN TABLE AND 2 CHAIRS PER BOOTH.**
**BRING YOUR OWN TABLE COVER AND TABLE SKIRT.**

## APPLICATION

We, the undersigned, do hereby submit our application for the reservation of display space as an exhibitor at Hunters Expo to be held in Little Rock, Arkansas, subject to the conditions and regulations governing the show and its production, including but not limited to the terms set forth within this or any accompanying or future documents. Enclosed is our payment in the amount designated above as deposit for the reservation of booth space in our name.

**Return this completed form and your deposit check to:**

# HUNTERS EXPO
### James Nelson, Expo Director
**P.O. Box 24666 · Little Rock, AR 72221-4666**
**Phone (501) 663-6777 · Fax (501) 664-0989**
**MAKE ALL CHECKS PAYABLE TO: HUNTERS EXPO/LITTLE ROCK**

*Please type or print:*

Company _____  Authorized Signature _____  Date _____

Contact _____  Phone ( ) _____  Fax ( ) _____

Address _____  City _____  State _____  Zip _____

If space is canceled by the 75 days prior to opening, the payment less a $100.00 cancellation fee, will be refunded. Should space be canceled less than 75 days prior to opening of exhibit, no refund will be made.

*Please reserve the following exhibit space (select four (4) choices somewhat varied in location):*

1st _____  2nd _____  3rd _____  4th _____

If possible, place me   ☐ near   or   ☐ away   from the following supplier: _____

Do you want a booth sign?   ☐ Yes   ☐ No   If Yes, booth sign should read as follows: _____

Give a brief description of the equipment, products and services you plan to exhibit: _____

_____

PAGE 6

10/01/1997  00:05  5018421914                    FMCO PROMOTIONS INC.                    PAGE  08

Mar 14 98 06:03p     RIVER ROCK  DESIGN INC.     501-707-3000              P.7
XA2-14-98 SAT 10:32 AM     EBC, INC.        FAX NO.  501 664 0989          P. 7



HUNTERS EXPO BIG BUCK CLASSIC
SEPTEMBER 11-12-13, 1998
TONTITOWN, AR

10/01/1997  00:05    5018421914                    FMCO PROMOTIONS INC.                    PAGE  09

Mar 14 98 06:04p    RIVER ROCK  DESIGN INC.    501-707-3000        P.8
MAR-14-98 SAT 10:32 AM  EBC, INC.            FAX NO.  501 664 0989        P. 8

## NEW FOR 1998
# SHREVEPORT, LA
### Duck Calling Contest and enlarged Big Buck Contest!
### Plus Gaylon Shankle, modern-day "Robin Hood."

## NEW FOR 1998
# LITTLE ROCK, AR
### Big Buck Contest and Duck Calling Contest!
### Plus world-record Pope & Young mounted deer heads!

## NEW FOR 1998
# TONTITOWN, AR

**SHOW ME THE MONEY!** Northwest Arkansas is having a population and construction explosion and it is the richest part of Arkansas. It is the home of Wal-Mart, Tyson Foods, JB Hunt Trucking and many large national companies. The unemployment rate is 2.4%. Middle-management and blue-collar workers earn a very good income. It has a heavy deer and turkey hunting population. PLUS Gaylon Shankle, modern-day "Robin Hood"; the world-record Pope & Young mounted deer heads; and the Big Buck Contest!



P.O. Box 24866
Little Rock, AR 72221-4866

WOOD & LOCKHART, PLC
ATTORNEYS AT LAW
809 WEST SECOND STREET
LITTLE ROCK, ARKANSAS 72201
(501) 375-0200
FAX: (501) 375-0218

W. KIRBY LOCKHART

March 4, 1998

Hunters Expo, Inc.                                    VIA CERTIFIED MAIL
c/o Mr. James Nelson - Registered Agent               NO. Z 339 781 932
3204 Happy Valley Drive
Little Rock, Arkansas 72212

Dear Mr. Nelson:

        This firm represents Arkansas Big Buck Classic, Inc. which, as you know, conducts yearly contests among sportsmen to award prizes to sportsmen who kill the largest white tail buck deer in the State of Arkansas in the contest known as "Arkansas Big Buck Classic," which includes a consumer trade show for sportsmen. It has come to our attention that Hunters Expo, Inc. is presently organizing, promoting and advertising similar events for sportsmen under the name Hunters Expo Big Buck Classic to be held in Shreveport, Louisiana on July 10 through July 12, 1998, and Tontitown, Arkansas on September 11 through September 13, 1998. Arkansas Big Buck Classic, Inc. owns an Arkansas trademark registration for the mark BIG BUCK CLASSIC, No. TM00000806, which was issued by the Secretary of State for the State of Arkansas on February 9, 1998 (see attached Certificate of Registration), and has continuously used the mark in connection with its yearly big buck contest in the State of Arkansas since 1990. Furthermore, we are contemporaneously filing an application for a federal trademark registration for the mark with the United States Patent and Trademark Office.

        Therefore, this letter is to notify you that your company's use of the name Big Buck Classic is likely to cause consumer confusion since our respective names are virtually identical; the respective services identified by the marks are virtually identical in nature and organization; and the services offered by the parties are sold in the same trade channels to the same class of customers. Arkansas Big Buck Classic, Inc. considers your company's use of the name Big Buck Classic an attempt to unfairly compete with it in offering these virtually identical services and to trade upon its established goodwill and reputation among its customers, exhibitors and attractions. Accordingly, we request that you immediately cease all use of the Big Buck Classic name, including the immediate withdrawal of all promotional and advertising materials using the name. I look forward to hearing from you regarding your company's intent to comply with this request for the prompt withdrawal of your infringing mark. If you fail to fully comply with this request, I have been instructed by Arkansas Big Buck Classic, Inc. to assert all legal remedies at its disposal to cease the use of your infringing mark, including an injunction and money damages.

                                                    EXHIBIT C

W. KIRBY LOCKHART

Hunters Expo, Inc.
March 4, 1998
Page 2

Thank you for your anticipated cooperation.

Sincerely,

W. Kirby Lockhart

WKL/ale
Enclosure

cc:    Mr. Thomas O. Murchison, III

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

Is your RETURN ADDRESS completed on the reverse side?

3. Article Addressed to:

Hunters Expo, Inc.
c/o James Nelson – Reg. Agent
3204 Happy Valley Dr.
Little Rock, Ar. 72212

4a. Article Number
  Z 339 781 932

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
  3-5-98

5. Received By: *(Print Name)*
  Julie Nelson

6. Signature: *(Addressee or Agent)*
  X  June Nilson

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form 3811, December 1994                    Domestic Return Receipt

---

Z 339 781 932

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to
  Hunters Expo – Jim Nelson Reg. Agt

Street & Number
  3204 Happy Valley Dr.

Post Office, State, & ZIP Code
  Little Rock, Ar. 72212

| | |
|---|---|
| Postage | $ .32 |
| Certified Fee | 1.35 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1.10 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 2.77 |
| Postmark or Date | |

PS Form 3800, April 1995